IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Michael Fentress,  )  
Plaintiff,  )  
 )  
v.  )  
 )  
Dr. Melvin Johnson,  )  
Defendant.  )  | 1:21cv1015 (AJT/IDD) |

MEMORANDUM OPINION

Plaintiff, a Virginia inmate, submitted this *pro se* action to redress alleged violations of his constitutional rights. [Dkt. No. 10]. This matter is before the Court on Defendant Dr. Johnson's Motion to Dismiss. [Dkt. No. 17]. For the reasons explained below, Dr. Johnson's motion will be denied.

I.   Relevant Background and Procedural History

By Order entered on January 5, 2022, the Court, *inter alia*, screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A and ordered service on Dr. Johnson with respect to one of Plaintiff's claims. [*See* Dkt. No. 13 at 1–2, 4]. Thereafter, Dr. Johnson filed his Motion to Dismiss, [Dkt. No. 17], along with a *Roseboro* Notice advising Plaintiff of his right to respond to the dismissal motion within twenty-one days, [Dkt. No. 19]. Plaintiff timely filed an "Affidavit" in response, which the Court construes as his Response in Opposition. [Dkt. No. 21]. Dr. Johnson did not file a Reply.

II.   Plaintiff's Amended Complaint

In his Amended Complaint, Plaintiff alleges that while incarcerated at the Norfolk City Jail, he "brought it to . . . Dr. Johnson's attention that [Plaintiff] had mold building up . . .

throughout [his] CPAP machine" and that he was having trouble sleeping and breathing due to the mold. [Dkt. No. 10 at 6]. Plaintiff claims that Dr. Johnson failed to take any steps to address this issue. [*Id.* at 6–7]. The Court construes Plaintiff's Amended Complaint to raise a claim that Dr. Johnson was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff is seeking damages in the amount of $300,000.00 as well as injunctive relief. [*Id.* at 4].

### III.    Rule 12(b)(6) Standard of Review

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

That said, the Court is mindful that, "'where, as here, there is a *pro se* complaint raising civil rights issues,' 'liberal construction of the pleadings is particularly appropriate.'" *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Moreover, when the Court is analyzing "a Rule 12(b)(6) motion . . . testing the sufficiency of a civil rights complaint, '[the Court] must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged*.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (emphasis in original) (quoting *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

## IV. Discussion

Dr. Johnson asserts that Plaintiff's claim must be dismissed because "Plaintiff has not stated sufficient facts to support a claim of deliberate indifference."[1] [Dkt. No. 18 at 9]. As an initial matter, it is not clear from Plaintiff's Amended Complaint whether Plaintiff was a convicted prisoner or a pretrial detainee at the time the relevant events are alleged to have occurred. Online records from the Norfolk Circuit Court indicate that Plaintiff pleaded guilty to one count of possession of a firearm by a convicted violent felon on July 28, 2020, and was sentenced to five years' incarceration that same day.[2] *Commonwealth v. Fentress*, Case No. CR18-2222-04 (Norfolk Cir. Ct. July 28, 2020), https://eapps.courts.state.va.us/ocis/landing (last visited Jan. 11, 2023).

---

[1] The Court declines Dr. Johnson's request to convert his dismissal motion into a motion for summary judgment by considering the attached affidavit and medical records. [*See* Dkt. No. 18 at 10] (requesting that the Court "consider information beyond the Amended Complaint . . . pursuant to [Federal Rule of Civil Procedure] 12(d)"); Johnson Aff., [Dkt. No. 18-1 at 2–8]; Medical Recs., [Dkt. No. 18-1 at 9–80].

[2] In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court "may properly take judicial notice of matters of public record." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

3

Plaintiff alleges that the events that form the basis of his claim occurred in the summer of 2021, and accordingly, the Court will assume for purposes of this Motion, that Plaintiff was a convicted prisoner during the relevant time period. [*See* Dkt. No. 10 at 4, 6–7]. Because Plaintiff was a convicted prisoner, his deliberate indifference claim arises under the Eighth Amendment. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) ("[A] prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." (citation omitted)). A claim for deliberate indifference to a serious medical need "consists of two components, objective and subjective." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

The objective component requires Plaintiff to establish that he has a serious medical condition. *Mays*, 992 F.3d at 300. "A medical condition is objectively serious when it either is 'diagnosed by a physician as mandating treatment' or is 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)). The subjective component requires Plaintiff to establish that prison officials acted with deliberate indifference to his health or safety. *Id.* (citing *Farmer*, 511 U.S. at 834).

With respect to the objective component, Plaintiff alleges that he has been diagnosed with "obstructive sleep apnea" and high blood pressure. [Dkt. No. 10 at 6]. Plaintiff also claims that he

4

is asthmatic and that he suffers from "heart palpitations." [*Id.*]. Dr. Johnson argues that "Plaintiff has not alleged that he had a serious medical condition for which any delay or denial of medical care would cause him to suffer a lifelong handicap or permanent loss." [Dkt. No. 18 at 6]. While Plaintiff's allegations could be clearer, the Court finds that given the low bar Plaintiff must reach at this stage, Plaintiff has sufficiently alleged that he suffers from a serious medical condition. *See Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (holding that plaintiff's allegations were sufficient to state a claim of deliberate indifference where plaintiff alleged that he suffered from obstructive sleep apnea and prison officials repeatedly refused requests for a replacement mask for his CPAP machine); *see also Nash v. Damon*, No. 7:22cv589, 2022 WL 17490079, at *4 (W.D. Va. Dec. 6, 2022) (noting that "courts have recognized that high blood pressure can constitute a serious medical need") (collecting cases).

With respect to the subjective component, as summarized above, Plaintiff claims that he informed Dr. Johnson that mold was building up throughout his CPAP machine and that Plaintiff was having trouble sleeping and breathing due to the mold. [Dkt. No. 10 at 6]. Plaintiff also claims that Dr. Johnson failed to take any steps to address this issue. [*Id.* at 6–7]. Although Plaintiff's claims could certainly be more precise and more detailed,[3] the Court finds that, affording Plaintiff the benefit of liberal construction, the allegations in Plaintiff's Amended Complaint are sufficient to plausibly suggest that Dr. Johnson "'knew of a constitutional deprivation and approved it, turned

---

[3] The Court notes that Plaintiff's Response in Opposition contains additional allegations that are not included in Plaintiff's Amended Complaint. [*See* Dkt. No. 21 at 1–8]. In ruling upon the sufficiency of Plaintiff's claims, however, the Court may not consider these facts as it is well-settled that "a complaint may not be amended by the briefs in opposition to a motion . . . ." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *see also Aerospace Mfg., Inc. v. Clive Merch. Grp.*, 1:05cv597, 2006 WL 1476906, at *4 n.4 (M.D.N.C. May 23, 2006) ("[T]he Court cannot rely on facts alleged in a Plaintiff's response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss.").

5

a blind eye to it, failed to remedy it, or in some way personally participated.'" *Hunter v. Rauf*, No. 3:18cv153, 2019 WL 4040624, at *6 (E.D. Va. Aug. 27, 2019) (quoting *Vance v. Peters*, 97 F.3d 987, 994 (7th Cir. 1996)); *see also Black v. Higgs*, No. 3:16cv349, 2017 WL 4052375, at *4 (E.D. Va. Sept. 13, 2017) ("[T]he turning of a blind eye to the legitimate medical needs of a prisoner-patient . . . can constitute a violation of the Eighth Amendment." (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir. 2009))). Thus, at this stage, Plaintiff has sufficiently alleged that Dr. Johnson was deliberately indifferent to his serious medical needs.

## V. Conclusion

For the foregoing reasons, Dr. Johnson's Motion to Dismiss will be denied. An appropriate order shall issue.

Entered this __18__ day of __JAN__ 2023.

Alexandria, Virginia

/s/
_____
Anthony J. Trenga
Senior United States District Judge